## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

NEVIN P. COOPER-KEEL,

     Plaintiff,

v.

ROBERY WEAVER and MICHELE
GREENLEE, Sued in their individual
capacities, and KALAMAZOO COUNTY,
a County in Michigan.

     Defendants.

Case No. 1:24-CV-1318

HON. PAUL M. MALONEY
MAG. JUDGE MAARTEN VERMAAT

Nevin P. Cooper-Keel
In Pro Per
3127 127th Avenue
Allegan, MI 49010
(616) 329-7077
Nevincooperkeel@gmail.com

Allan C. Vander Laan (P33893)
Kristen L. Rewa (P73043)
Corey J. Volmering (P85380)
Cummings, McClorey, Davis & Acho
Attorneys for Defendants
2851 Charlevoix Dr., S.E. - Suite 203
Grand Rapids MI 49546
(616) 975-7470
avanderlaan@cmda-law.com
krewa@cmda-law.com
cvolmering@cmda-law.com

_____

### DEFENDANTS' ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT

    **NOW COME** Defendants, by and through their attorneys, Cummings, McClorey, Davis & Acho, P.L.C., and in response to Plaintiff's Complaint state:

### GENERAL OBJECTION

    Defendants object to the Complaint as each and every Defendant did not receive proper service for the same. Fed. R. Civ. P. 4(e)(2); 4(h)(1)(B). Additionally, Plaintiff's Complaint does not state the grounds for this Court's jurisdiction, as required by Fed. R. Civ. P. 8(a)(1). This Court does not have jurisdiction over this matter.

1. I, Nevin Cooper-Keel, own a sole proprietorship bail bonds agency registered as such with both the state and county called Atwater Bail Bonds.

   **RESPONSE: Upon information and belief, denied as untrue that Atwater Bail Bonds is registered with the state as sole proprietorships are not registered with the state of Michigan. Upon information and belief, admitted as true that Atwater Bail Bonds is registered with the County of Kalamazoo.**

2. Defendant Robert Weaver is a special deputy appointed by Kalamazoo County Sheriff to handle the sheriff's auction of foreclosed real estate.

   **RESPONSE: Defendants admit Robert Weaver is a Deputy of the Kalamazoo County Sheriff's Office that handles special duties for the Kalamazoo County Sheriff's Department.**

3. Defendant Michele Greenlee is the Undersheriff at Kalamazoo County Sheriff.

   **RESPONSE: Admitted as true.**

4. Defendant Kalamaoo [sic] County is a County in the state of Michigan.

   **RESPONSE: Admitted as true.**

5. Atwater Bail Bonds posted a one hundred thousand dollar bond in the Kalamazoo County Circuit Court case no 2023-1125-FH.

   **RESPONSE: Neither admitted nor denied as Defendants do not have the requisite knowledge to assess the veracity of Plaintiff's statement. Defendants leave Plaintiff to his proofs.**

6. Atwater Bail Bonds took mortgages on two houses as collateral for the bond, originally in Atwater's insurance company's name – United States Fire Insurance Company, who Atwater is the registered agent of, and later the mortgages were

assigned directly to Atwater Bail Bonds on the two houses as collateral for that bond, both mortgages being recorded with the Kalamazoo County Register of Deeds on or about October 26th, 2023.

**RESPONSE: Neither admitted nor denied as Defendants do not have the requisite knowledge to assess the veracity of Plaintiff's statement. Defendants leave Plaintiff to his proofs. In further answer, the attached documents do not indicate either mortgage nor assignment was recorded. Upon information and belief, only an assignment for 614 Reed *Avenue* is recorded with the Kalamazoo County Register of Deeds. Further, this assignment is invalid under Mich. Comp. Laws. 600.5201(1), (4), and (5) as the homeowner is not a creditor and did not have the authority to assign the mortgage to Atwater Bail Bonds. As a result of the foregoing, Plaintiff does not have a property interest in either property alleged in the Complaint.**

7. The common address of those houses is:

   a. 614 Reed St., Kalamaozo [sic], MI, and

   b. 1034 Hotop St., Kalamazzoo [sic], MI.

**RESPONSE: Neither admitted nor denied as Defendants do not have the requisite knowledge to assess the veracity of Plaintiff's statement. Defendants leave Plaintiff to his proofs.**

8. That bond is in default from the Defendant's failure to appear and upon no payment of the hundred thousand dollars when Atwater Bail Bonds demanded it from the Indemnitors who gave those mortgages as collateral for the bond, and therefore the mortgages have defaulted. (Exhibit 1)

**RESPONSE: Neither admitted nor denied as Defendants do not have the requisite knowledge to assess the veracity of Plaintiff's statement. Defendants leave Plaintiff to his proofs. In further response, Plaintiff's exhibit speaks for itself. In further answer, Plaintiff does not allege to have sought judgment for the defaults, and instead seeks to self-foreclose on the real estate in violation of Mich. Comp. Laws. 600.2819. Moreover, Plaintiff fails to allege a notice of judgment lien was filed with the Court (for either property) and served upon the debtor, as required by Mich. Comp. Laws. 600.2805.**

9. One of the houses is owned by the fugitive from the said $100k bond and is a four unit rental.

   **RESPONSE: Neither admitted nor denied as Defendants do not have the requisite knowledge to assess the veracity of Plaintiff's statement. Defendants leave Plaintiff to his proofs.**

10. Defendant Weaver is the special deputy assigned by the Kalamazoo County Sheriff to conduct the public sheriff auction each Thursday.

    **RESPONSE: Admitted as true.**

11. Atwater spoke to Defendant Weaver on or about July 30th, 2024, to inquire about what documentation his office would want for the homes to go in the foreclosure auction.

    **RESPONSE: Neither admitted nor denied as Defendants do not have the requisite knowledge to assess the veracity of Plaintiff's statement. Defendants leave Plaintiff to his proofs.**

12. Atwater followed and delivered all that Defendant Weaver asked for to facilitate the foreclosure sale at the Sheriff's auction.

    **RESPONSE: Neither admitted nor denied as Defendants do not have the requisite knowledge to assess the veracity of Plaintiff's statement. Defendants leave Plaintiff to his proofs. In further answer, Defendant Weaver does not determine procedure for that which is covered by state law.**

13. MCL 600.3201, et. al., specifies the procedure by which "**<u>Every</u>** mortgage of real estate…may be foreclosed by advertisement…" (emphasis added).

    **RESPONSE: Neither admitted nor denied as the statute speaks for itself.**

14. Atwater paid around one thousand dollars to the Kalamazoo Gazette to advertise the foreclosure on both properties for four consecutive weeks beginning August 15th through September 5, 2024.

    **RESPONSE: Neither admitted nor denied as Defendants do not have the requisite knowledge to assess the veracity of Plaintiff's statement. Defendants leave Plaintiff to his proofs.**

15. Atwater advertised that the sale would take place on September 5th, 2024, but then adjourned the sale for two weeks, after Defendant Weaver demanded an affidavit of publisher from the news paper [sic].

    **RESPONSE: Neither admitted nor denied as Defendants do not have the requisite knowledge to assess the veracity of Plaintiff's statement. Defendants leave Plaintiff to his proofs.**

16. Atwater then produced the affidavit of publisher from the news paper [sic] attesting to the dates the foreclosure notices were published.

**RESPONSE: Neither admitted nor denied as Defendants do not have the requisite knowledge to assess the veracity of Plaintiff's statement. Defendants leave Plaintiff to his proofs.**

17. Defendant Weaver then told Atwater he does not think anyone besides a bank can foreclose on a mortgage and that I have to be represented by an attorney on or about September 17th.

**RESPONSE: Neither admitted nor denied as Defendants do not have the requisite knowledge to assess the veracity of Plaintiff's statement. Defendants leave Plaintiff to his proofs.**

18. Defendant Weaver through his agent told Atwater that they "cannot take the word of a citizen", even though I provided all the required documents.

**RESPONSE: Neither admitted nor denied as Defendants do not have the requisite knowledge to assess the veracity of Plaintiff's statement. Defendants leave Plaintiff to his proofs.**

19. Defendant Weaver went on to question other matters related to it, expressing doubt that the debt owed and secured by these two mortgages was One Hundred Six Thousand Eight Hundred Sixty Seven Dollars and Ninety Seven cents ($106,867.97), so I even went so far as to share the judgment against me from the bond which shows where the vast majority of the debt comes from, beyond what is the Sheriff's business to meddle in in [sic] this transaction.

**RESPONSE: Neither admitted nor denied as Defendants do not have the requisite knowledge to assess the veracity of Plaintiff's statement. Defendants leave Plaintiff to his proofs.**

20. Defendant Weaver then went on to say that they don't do sheriffs sales for mortgages related to bail bonds.

    **RESPONSE: Neither admitted nor denied as Defendants do not have the requisite knowledge to assess the veracity of Plaintiff's statement. Defendants leave Plaintiff to his proofs.**

21. After Defendant Weaver Adjourned the sale of it for several weeks beginning from September 5th, 2024, he then said they had sent the matter to Undersheriff Michelle Greenlee for review, who I left several messages to find out what is going on with the matter and never received a return phone call.

    **RESPONSE: Neither admitted nor denied as Defendants do not have the requisite knowledge to assess the veracity of Plaintiff's statement. Defendants leave Plaintiff to his proofs.**

22. Four weeks after I'd initially sent the requested documents of Sheriffs Deed, affidavit of publication, affidavit of posting, affidavit of non-military, etc., on October 9th, 2024, Defendant Weaver informed me that they met with Kalamazoo County's attorney, Lewis Smith, and that their position is that they are not required to sell the two houses in the sheriffs auction.

    **RESPONSE: Neither admitted nor denied as Defendants do not have the requisite knowledge to assess the veracity of Plaintiff's statement. Defendants leave Plaintiff to his proofs.**

23. The mortgage was assigned to Atwater Bail Bonds by United States Fire Insurance Company as recorded with the Kalamazoo Register of Deeds on September 17th, 2024.

**RESPONSE: Neither admitted nor denied as Defendants do not have the requisite knowledge to assess the veracity of Plaintiff's allegation. In further answer, Plaintiff's attachments do not indicate compliance with state law. The document fails to identify a list of the assignor's creditors and a bond for the faithful performance of the trust by the assignee. The document fails to indicate a required inventory. The attached documents do not indicate United States Fire Insurance Company signed the document in front of an officer authorized to take acknowledgments. And the attachment does not indicate the assignee is worth more than the penal sum of the bond. Moreover, the Kalamazoo County Register of Deeds indicate the parties to the assignment of the mortgage for 614 Reed Avenue are the debtor and Atwater Bail Bonds. The Kalamazoo County Register of Deeds does not indicate an assignment of the mortgage for the property located at 1034 Hotop Street.**

24. I notified Defendant Weaver on September 17th, 2024, that I would be adjourning the sale for one further week from September 19th, 2024, to September 26th, 2024, so that I could properly advertise the sale date and time in the local paper.

    **RESPONSE: Neither admitted nor denied as Defendants do not have the requisite knowledge to assess the veracity of Plaintiff's statement. Defendants leave Plaintiff to his proofs. In further answer, it appears Plaintiff admits the initial notice, stated in Paragraph 14, was improper.**

25. Defendant Weaver adjourned the sale on September 12th, requesting further documents, and once those were delivered and I re-published the sale for

September 26th, 2024, Defendant Weaver again adjourned it through October 3rd, 2024, saying he sent it to Kalamazoo County Undersheriff, Defendant Greenlee, for review.

**RESPONSE: Neither admitted nor denied as Defendants do not have the requisite knowledge to assess the veracity of Plaintiff's statement. Defendants leave Plaintiff to his proofs.**

26. I left several messages for Defendant Greenlee at the Sheriff's office to call me about the matter during that time asking for an explanation, but never received a return phone call.

**RESPONSE: Neither admitted nor denied as Defendants do not have the requisite knowledge to assess the veracity of Plaintiff's statement. Defendants leave Plaintiff to his proofs.**

27. Defendant Weaver notified me via phone call on or about October 9th that the county attorney, the Undersheriff, Defendant Greenlee, and he were refusing to sell the house at sheriffs auction because they did not think they had to sell a mortgage foreclosed on by advertisement if the mortgage was held as collateral for a bail bond rather than a debt to a bank and that I could not foreclose on a mortgage without being represented by an attorney, without acquiring a judicial foreclosure, and that they thought I could get a judicial foreclosure ordered through the criminal case the bond was posted in.

**RESPONSE: Neither admitted nor denied as Defendants do not have the requisite knowledge to assess the veracity of Plaintiff's statement. Defendants leave Plaintiff to his proofs.**

28. I left a message with the Kalamazoo County Administrator's office on October 10th, 2024, for Lewis Smith to call me back to inform me if this is indeed the county's position, but have not received a return call or any further explanation, other than Defendant Weaver's explanation for the Sheriff's refusal to sell the two houses I have foreclosed by advertisement on.

    **RESPONSE: Neither admitted nor denied as Defendants do not have the requisite knowledge to assess the veracity of Plaintiff's statement. Defendants leave Plaintiff to his proofs.**

29. Throughout these contacts with Defendant Weaver of the Kalamazoo County Sheriff's Department, he and his staff constantly referred me to 'Detroit Legal', who solicited me to purchase their services to effectuate the sale.

    **RESPONSE: Neither admitted nor denied as Defendants do not have the requisite knowledge to assess the veracity of Plaintiff's statement. Defendants leave Plaintiff to his proofs.**

30. This matter has caused serious harms to my contract with my insurance company, which is a required third party contract for my entire business.

    **RESPONSE: Neither admitted nor denied as Defendants do not have the requisite knowledge to assess the veracity of Plaintiff's statement. Defendants leave Plaintiff to his proofs. In further answer, this is unlikely considering Plaintiff is the sole proprietor of Atwater Bail Bonds (*see* ¶1).**

31. Defendants also told me that these houses never sell at auction, let alone at the minimum bid I sent for the houses, which was the entirety of what was owed at that time - $106,867.97.

**RESPONSE: Neither admitted nor denied as Defendants do not have the requisite knowledge to assess the veracity of Plaintiff's statement. Defendants leave Plaintiff to his proofs.**

32. The fact that Defendant Weaver stated that they consulted this foreclosure with Defendant Kalamazoo County's attorney, Lewis Smith, and Kalamaoo [sic] County Undersheriff, Defendant Greenlee, shows a deliberation took place and this is a *policy* of all Defendants.

**RESPONSE: Neither admitted nor denied as Defendants do not have the requisite knowledge to assess the veracity of Plaintiff's statement. Defendants leave Plaintiff to his proofs.**

**Count 1 - 1983 Deprivation of Rights under color of law**

33. The First Amendment of the US Constitution gives any person the right to petition the government for a redress of their grievances, which is where the right to conduct business unrepresented by an attorney comes from.

**RESPONSE: Neither admitted nor denied as Plaintiff's allegations consists of a conclusion of law; therefore, no response is required. In further answer, Plaintiff is exercising such a claimed right by filing the present Complaint.**

34. It was a violation of my 1st Amendment right to petition the government for a redress of grievances in the matter of foreclose by advertisement without being represented by an attorney.

**RESPONSE: Neither admitted nor denied as Plaintiff's allegations contains a conclusion of law; therefore, no response is required. In further answer, Defendants deny wrongdoing.**

35. The 14th Amendment of the US Constitution guarantees due process, which refusing to sell the house in the sheriff's weekly auction pursuant to MCL 600.3216 et. al., uses a non-permissive word that the sheriff "shall" sell it once any mortgage holder follows the steps to foreclose by advertisement.

    **RESPONSE: Neither admitted nor denied as Plaintiff's allegation consists of a conclusion of law; therefore, no response is required. In further answer, Mich. Comp. Laws. 600.3216, *et. seq.* speaks for itself. To the extent a response is required, Defendants deny wrongdoing.**

36. It amounts to a taking under the 5th Amendment of my property right as a mortgage holder to foreclose by advertisement.

    **RESPONSE: Denied as untrue.**

37. It violates my right to freedom to contract under the US 14th Amendment and Michigan Constitution Art 1. § 10 by imparring [sic] the obligation of my contracts as a mortgagee.

    **RESPONSE: Denied as untrue.**

38. Defendant Weaver said that unless you are a corporate bank, rather than an individual citizen that holds a recorded mortgage, you cannot foreclose by advertisement.

    **RESPONSE: Neither admitted nor denied as Defendants do not have the requisite knowledge to assess the veracity of Plaintiff's statement. Defendants leave Plaintiff to his proofs.**

39. Defendants are state actors and acting under color of state law.

    **RESPONSE: Defendants admit the individual Defendants are employees of**

the County of Kalamazoo and act under the color of law. As to the remainder of Plaintiff's allegation, Defendants neither admit nor deny as Defendants do not have the requisite knowledge to assess the veracity of Plaintiff's statement. Defendants leave Plaintiff to his proofs.

40. Defendants have impaired the obligations of debtors to my contracts by refusing to sell the houses I own the mortgage for and have duly foreclosed on by advertisement.

   **RESPONSE: Denied as untrue.**

   **Count 2 - Violation of Mich. Comp. Laws.  600.3201 et. al. - Michigan's**

   **Foreclosure by**

   **Advertisement Statute**

41. Plaintiff followed all requisite procedures under MCL 600.3201 et. al., to trigger the right to foreclosure sale.

   **RESPONSE: Neither admitted nor denied as Defendants do not have the requisite knowledge to assess the veracity of Plaintiff's statement. Defendants leave Plaintiff to his proofs.**

42. Once Plaintiff submitted the required documents to Defendant Weaver, the Defendants refused to sell the property in their weekly public auction.

   **RESPONSE: Neither admitted nor denied as Defendants do not have the requisite knowledge to assess the veracity of Plaintiff's statement. Defendants leave Plaintiff to his proofs.**

43. MCL 600.3216 states that the sale "...*shall* be made... by the sheriff, undersheriff, or a deputy sheriff of the county, to the highest bidder." (emphasis added)

**RESPONSE: Neither admitted nor denied as the statute speaks for itself.**

44. Defendant Weaver claimed in a phone call with me on October 9th, 2024, that he and Defendant Greenlee had the Kalamazoo County attorney, Lewis Smith, review the matter, and that he told them that they don't have to sell the house in the sheriff auction because they don't believe a mortgage held for a bail bond is one they are required to sell in a sheriff auction even though it was foreclosed on by advertisement by Plaintiff, rather than one held by a bank, that I have to be represented by an attorney to foreclose on a house I individually through my DBA own the mortgage to, and their continued notion that they're really just protecting me from myself because I'm just a citizen, and even my recorded mortgages, recorded assignments of mortgage to me, notarized affidavit of publication from MLive with my 4 weeks of advertisements, and my affidavit of posting notice, bid sheet, and sheriff deed - which was everything Defendants had asked for initially to put the house in auction - were not sufficient to compel the Defendants to follow the mandatory wording of "shall" (MCL 600.3216) sell the house.

**RESPONSE: Neither admitted nor denied as Defendants do not have the requisite knowledge to assess the veracity of Plaintiff's statement. Defendants leave Plaintiff to his proofs.**

**Damages**

45. A judgment after bond forfeiture was entered against me in the bond that these mortgages were granted to secure, in an amount that is now one hundred twenty thousand dollars. (Exhibit 1)

**RESPONSE: Neither admitted nor denied as Defendants do not have the requisite knowledge to assess the veracity of Plaintiff's statement. Defendants leave Plaintiff to his proofs.**

46. The amount I am presently owed from the two mortgages Defendants unlawfully refused to sell in the sheriff's auction in addition to the one hundred twenty thousand owed on the bond forfeiture, is seven thousand six hundred sixty seven dollars and ninety seven cents ($7,667.97).

**RESPONSE: Neither admitted nor denied as Defendants do not have the requisite knowledge to assess the veracity of Plaintiff's statement. Defendants leave Plaintiff to his proofs.**

47. To be sold at public auction, I think these houses have to be re-advertised for four consecutive weeks, pursuant to MCL 600.3201 et. al., since the last advertised sale dates were not acted upon and it was impossible for me to continue to pay another hundred dollars a week to keep advertising an adjournment indefinitely, which is going to cost another thousand dollars to advertise them for another four weeks, and it is going to delay the sale at least another four weeks.

**RESPONSE: Neither admitted nor denied as Defendants do not have the requisite knowledge to assess the veracity of Plaintiff's belief. In further answer, Mich. Comp. Laws. 600.3201 *et. seq.* speaks for itself. As to the remainder of Plaintiff's allegations, neither admitted nor denied as Defendants do not have the requisite knowledge to assess the veracity of Plaintiff's allegations. Defendants leave Plaintiff to his proofs. In further answer, Plaintiff's pleading suggests he must file a complaint for**

**foreclosure. Mich. Comp. Laws. 600.3101 *et. seq.***

48. But for Defendants violations, the two houses would have either sold at sheriff auction in September - which they should have been allowed to be auctioned in - or if they did not sell in auction, ownership would have reverted to the mortgage holder, myself, who could then have negotiated a sale.

    **RESPONSE: Neither admitted nor denied as Defendants do not have the requisite knowledge to assess the veracity of Plaintiff's statement. Defendants leave Plaintiff to his proofs.**

49. Instead, I got treated like a second-class citizen to corporations under color of law by these Defendants when they said only banks can foreclose by advertisement and only with an attorney representing them, instead of the $6,867.97 which was owed from my bond contracts in unpaid premium that was added in to the properly foreclosed by advertisement sale.

    **RESPONSE: Neither admitted nor denied as Defendants do not have the requisite knowledge to assess the veracity of Plaintiff's statement. Defendants leave Plaintiff to his proofs. In further answer, Defendants deny wrongdoing.**

50. Instead of me having the $6,867.97 which I would have received by now had these Defendants just done their job of hosting the sale of them in their *public* auction, instead I have the Kalamazoo Circuit Court breathing down my neck that they want $120,000.00 and threatening both my bail bonds agency and my insurance company, my insurance company breathing down my neck to resolve this matter, and meanwhile my bank account sits at negative $103.91, and

meanwhile, I don't even have Christmas presents for my kids yet or propane to heat my home.

**RESPONSE: Neither admitted nor denied as Defendants do not have the requisite knowledge to assess the veracity of Plaintiff's emotional state. Defendants deny wrongdoing. Defendants leave Plaintiff to his proofs. Further, Plaintiff's failure to follow state law led to the issues in which Plaintiff complains.**

51. It is a very stressful situation for me that Defendants have unlawfully put me in: and I am experiencing emotional distress from it.

**RESPONSE: Defendants deny wrongdoing. As to the remainder of Plaintiff's allegation, Defendants neither admit nor deny as Defendants do not have the requisite knowledge to assess the veracity of Plaintiff's statement. Defendants leave Plaintiff to his proofs.**

52. It is very offensive to me that these actors think only banks and lawyers can transact business and it is detrimental to the public interest that private individuals - whether doing business as a bail bondsman or just privately financing a home - cannot depend on their rights in their contracts and their property not being impaired in this manner: and the court should assess punitive damages to deter state actors thinking that only corporations and lawyers can petition the government for a redress of their grievances or have their right to contracts upheld.

**RESPONSE: Defendants deny wrongdoing. As to the remainder of Plaintiff's allegation, Defendants neither admit nor deny as Defendants do not have the**

**requisite knowledge to assess the veracity of Plaintiff's statement. Defendants leave Plaintiff to his proofs. In further answer, Defendants deny punitive damages are appropriate.**

53. The other problem is, I cannot at this moment, afford to re-advertise the two houses for auction right now.

    **RESPONSE: Neither admitted nor denied as Defendants do not have the requisite knowledge to assess the veracity of Plaintiff's statement. Defendants leave Plaintiff to his proofs.**

**Request for Relief**

54. The impairment to my third party contract and my reputation with United States Fire Insurance Company, who is ultimately responsible to pay the bond forfeiture if I am unable to do it, exceeds what is likely able to be determined and compensated for in monetary damages and to that extent is irreparable.

    **RESPONSE: Neither admitted nor denied as Defendants do not have the requisite knowledge to assess the veracity of Plaintiff's statement. Defendants deny wrongdoing. Defendants leave Plaintiff to his proofs.**

55. Kalamazoo County is threatening to remove my bail agency from their approved list of agencies. It is impossible for me to quantify the lost business I experience from that, in addition to if my insurance company parts ways with me because of it and my whole business gets shut down.

    **RESPONSE: Neither admitted nor denied as Defendants do not have the requisite knowledge to assess the veracity of Plaintiff's statement. Defendants deny wrongdoing. Defendants leave Plaintiff to his proofs.**

56. Therefore, I request **immediate injunctive relief** to order the Defendants to immediately hire their own lawyers, or "Detroit Legal News", as they like to refer people to, pursuant to MCL 600.2301 et. al., to:

    a. Hire a lawyer to write the advertisements of the foreclosure sales for the two houses referenced herein that Atwater Bail Bonds is the presently recorded assignee of the mortgages in accordance with MCL 600.2301 et. al.,

    b. publish them in the local paper for four consecutive weeks,

    c. To use their own process server to post the two notices of foreclosure on the two houses within 15 days after the first news paper publication,

    d. to draw up the sheriff's deed for the sale,

    e. enter both homes in the same sale with a minimum bid price of One Hundred Seven Thousand Six Hundred Sixty Seven Dollars and Ninety Seven Cents ($107,667.97), on both of the houses,

    f. and auction the houses in the sheriff sale in the first available auction after the four consecutive weeks notices advertise.

**RESPONSE: Neither admitted nor denied as this Paragraph requires no response. In further answer, Plaintiff's allegations do not satisfy the standards for injunctive relief. Fed. R. Civ. P. 65(b); Mi. R. Civ. P. 3.310(A); _Northeast Ohio Coal. For Homeless Serv. Emps. Int'l Union, Local 1199 v. Blackwell,_ 467 F.3d 999, 1009 (6th Cir. 2006); _Alliance for Mentally Ill v. Dep't of Cmty. Health,_ 231 Mich App 647, 660 (1998).**

57. If not an immediate injunction, eventually an injunction ordering the Defendants to

sell the house in the sheriffs auction.

**RESPONSE: Neither admitted nor denied as this Paragraph requires no response. In further answer, Plaintiff's allegations do not satisfy the standards for injunctive relief. Fed. R. Civ. P. 65(b); Mi. R. Civ. P. 3.310(A);** *Northeast Ohio Coal. For Homeless Serv. Emps. Int'l Union, Local 1199 v. Blackwell,* **467 F.3d 999, 1009 (6th Cir. 2006);** *Alliance for Mentally Ill v. Dep't of Cmty. Health,* **231 Mich App 647, 660 (1998).**

58. As it stands right now, I should have either been able to pay the Bond Forfeiture in Exhibit 1 through the sale of these houses at sheriff auction in by September 26th, and been squared away with the court, but instead the bond forfeiture amount due ballooned an additional twenty percent, since I could not produce the funds from this sale to pay just the hundred thousand dollars ordered paid within 56 days from September 27th, 2024.

**RESPONSE: Neither admitted nor denied as Defendants do not have the requisite knowledge to assess the veracity of Plaintiff's statement. Defendants deny wrongdoing. Defendants leave Plaintiff to his proofs. In further answer, Plaintiff should have filed a complaint for foreclosure. Mich. Comp. Laws. 600.3101** *et. seq.*

59. Because of that, my present monetary damages caused by Defendants are $120,000.00 I owe the Kalamazoo County Circuit Court, the $7,667.97 owed by the indemnitors to me for unpaid premium and expenses related to the bond, and whatever the court thinks the weight of a $100k bond going sideways and you get your rights violated that you were otherwise secured against is worth - I think

thirty thousand dollars is the minimal amount to make me whole on that.

**RESPONSE: Neither admitted nor denied as Defendants do not have the requisite knowledge to assess the veracity of Plaintiff's statement. Defendants deny wrongdoing. Defendants leave Plaintiff to his proofs. In further answer, Plaintiff's alleged damages would not occur if he followed state law.**

**WHEREFORE,** for the reasons stated herein and for those that may arise during litigation on the matter, Defendants request this Court order the following relief:

A. Dismiss the present action with prejudice.

B. Sanction Plaintiff for his egregious violations of Fed. R. Civ. P. 11(b), including payment of Defendants' attorneys' fees for having to respond to this frivolous pleading.

C. Order any additional relief this Court deems equitable and just.

Respectfully submitted,

CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.

Date: February 21, 2025

Allan C. Vander Laan (P33893)
Kristen L. Rewa (P73043)
Corey J. Volmering (P85380)
Attorneys for Defendants

## DEFENDANTS' AFFIRMATIVE DEFENSES

**NOW COME** Defendants, by and through their attorneys, Cummings, McClorey, Davis & Acho, P.L.C., to submit the following Affirmative Defenses:

1. Each Defendant in this matter did not receive proper service.

2. Plaintiff failed to plead a case falling within this Court's subject matter jurisdiction.

3. Plaintiff failed to state a claim for which relief may be granted.

4. Plaintiff failed to state a claim sufficient to impose liability on Kalamazoo County pursuant to *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978), *Canton v. Harris,* 489 U.S. 378 (1989), and their progeny.

5. Plaintiff has failed to state a claim under state law to justify the exercise of supplemental or pendant jurisdiction under 28 U.S.C. § 1367.

6. The individual Defendants are entitled to qualified immunity under 42 U.S.C. § 1983 because reasonable officers could disagree as to whether Defendants' conduct violated clearly established law.

7. Plaintiff may not have a property interest in either property and therefore, lacks standing to bring this suit.

8. Plaintiff does not have a First Amendment Right to force County compliance to foreclose on property in violation of State law.

9. The individual Defendants were acting in good faith within the scope of their employment and legal authority.

10. Some or all of the claims or issues asserted are barred by preclusion doctrines.

11. There are no genuine issues of material facts, and Defendant is entitled to relief as a matter of law.

12. Plaintiff's alleged damages were incurred as a result of his own behavior.

13. Plaintiff's claims may be barred or reduced by release, payment, prior judgment, and/or discharge.

14. Plaintiff's claims may be barred by the doctrines of release, waiver, and/or consent.

15. The property owners may own their respective properties by tenants in the entirety, as such, the real estate may not be foreclosed.

16. Defendants object to the non-joinder of any and all parties with a recorded interest in the real estate at issue.

17. Defendants reserve the right to amend these Affirmative Defenses throughout the course of discovery, and up to the scheduled trial date as needed.

Respectfully submitted,

CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.

Date: February 21, 2025

_____
Allan C. Vander Laan (P33893)
Kristen L. Rewa (P73043)
Corey J. Volmering (P85380)
Attorneys for Defendants