## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN-SOUTHERN DIVISION

NEVIN P. COOPER-KEEL,

     Plaintiff,

v.

ROBERY WEAVER and MICHELE
GREENLEE, Sued in their individual
capacities, and KALAMAZOO COUNTY,
a County in Michigan.

     Defendants.

Case No. 1:24-CV-1318

HON. PAUL M. MALONEY
MAG. JUDGE MAARTEN VERMAAT

| | |
|---|---|
| Nevin P. Cooper-Keel<br>In Pro Per<br>3127 127th Avenue<br>Allegan, MI 49010<br>(616) 329-7077<br>Nevincooperkeel@gmail.com | Allan C. Vander Laan (P33893)<br>Kristen L. Rewa (P73043)<br>Corey J. Volmering (P85380)<br>Cummings, McClorey, Davis & Acho<br>Attorneys for Defendants<br>2851 Charlevoix Dr., S.E. - Suite 203<br>Grand Rapids MI  49546<br>(616) 975-7470<br>avanderlaan@cmda-law.com<br>krewa@cmda-law.com<br>cvolmering@cmda-law.com |

_____

## DEFENDANTS' ANSWER TO PLAINTIFF'S [FIRST] VERIFIED AMENDED COMPLAINT WITH JURY TRIAL DEMAND

**NOW COME** Defendants, by and through their attorneys, Cummings, McClorey, Davis & Acho, P.L.C., and in response to Plaintiff's First Amended Complaint state:

### GENERAL OBJECTION

Defendants object to the Complaint as each and every Defendant did not receive proper service for the same. Fed. R. Civ. P. 4(e)(2); 4(h)(1)(B). Additionally, Plaintiff's Complaint does not state the grounds for this Court's jurisdiction, as required by Fed. R. Civ. P. 8(a)(1). This Court does not have subject-matter jurisdiction over this matter.

1. I, Nevin Cooper-Keel, own a sole proprietorship bail bonds agency registered as such with both the state and county called Atwater Bail Bonds.

   **RESPONSE: Upon information and belief, denied as untrue that Atwater Bail Bonds is registered with the state as sole proprietorships are not registered with the state of Michigan. Upon information and belief, admitted as true that Atwater Bail Bonds is registered with the County of Kalamazoo.**

2. Defendant Robert Weaver is a special deputy appointed by Kalamazoo County Sheriff to handle the sheriff's auction of foreclosed real estate.

   **RESPONSE: Defendants admit Robert Weaver is a Deputy of the Kalamazoo County Sheriff's Office that participants in foreclosures for the Kalamazoo County Sheriff's Department.**

3. Defendant Michele Greenlee is the Undersheriff at Kalamazoo County Sheriff.

   **RESPONSE: Admitted as true.**

4. Defendant Kalamaoo [sic] County is a County in the state of Michigan.

   **RESPONSE: Admitted as true.**

5. Atwater Bail Bonds posted a one hundred thousand dollar bond in the Kalamazoo County Circuit Court case no 2023-1125-FH.

   **RESPONSE: Neither admitted nor denied as Defendants do not have the requisite knowledge to assess the veracity of Plaintiff's statement. Defendants leave Plaintiff to his proofs.**

6. Atwater Bail Bonds took mortgages on two houses as collateral for the bond, originally in Atwater's insurance company's name – United States Fire Insurance Company, who Atwater is the registered agent of, and later the mortgages were

assigned directly to Atwater Bail Bonds on the two houses as collateral for that bond, both mortgages being recorded with the Kalamazoo County Register of Deeds on or about October 26th, 2023.

**RESPONSE: Neither admitted nor denied as Defendants do not have the requisite knowledge to assess the veracity of Plaintiff's statement. Defendants leave Plaintiff to his proofs. In further answer, the attached documents do not indicate either mortgage nor assignment was recorded. Upon information and belief, only an assignment for 614 Reed *Avenue* is recorded with the Kalamazoo County Register of Deeds. Further, this assignment is invalid under Mich. Comp. Laws.  600.5201(1), (4), and (5) as the homeowner is not a creditor and did not have the authority to assign the mortgage to Atwater Bail Bonds. As a result of the foregoing, Plaintiff does not have a property interest in either property alleged in the Complaint.**

7.  The common address of those houses is:

    a.  614 Reed St., Kalamaozo [sic], MI, and

    b.  1034 Hotop St., Kalamazzoo [sic], MI.

    **RESPONSE: Defendants admit the common addresses for the properties in question are 614 Reed St., Kalamazoo, MI and 1034 Hotop St., Kalamazoo.**

8.  That bond is in default from the Defendant's failure to appear and upon no payment of the hundred thousand dollars when Atwater Bail Bonds demanded it from the Indemnitors who gave those mortgages as collateral for the bond, and therefore the mortgages have defaulted. (Exhibit 1)

    **RESPONSE: Neither admitted nor denied as Defendants do not have the**

**requisite knowledge to assess the veracity of Plaintiff's statement. Defendants leave Plaintiff to his proofs. In further response, Plaintiff's exhibit speaks for itself. Moreover, Plaintiff does not allege to have sought judgment for the alleged defaults, and instead, seeks to self-foreclose on the real estate in violation of Mich. Comp. Laws §600.2819. Additionally, Plaintiff fails to allege a notice of judgment lien was filed with the Court (for either property) and served upon the debtor, as required by Mich. Comp. Laws §600.2805.**

9. One of the houses is owned by the fugitive from the said $100k bond and is a four unit rental.

   **RESPONSE: Neither admitted nor denied as Defendants do not have the requisite knowledge to assess the veracity of Plaintiff's statement. Defendants leave Plaintiff to his proofs.**

10. Defendant Weaver is the special deputy assigned by the Kalamazoo County Sheriff to conduct the public sheriff auction each Thursday.

    **RESPONSE: Defendants admit that Defendant Weaver participates in the foreclosures within the County.**

11. Atwater spoke to Defendant Weaver on or about July 30th, 2024, to inquire about what documentation his office would want for the homes to go in the foreclosure auction.

    **RESPONSE: Neither admitted nor denied as Defendants do not have the requisite knowledge to assess the veracity of Plaintiff's statement. Defendants leave Plaintiff to his proofs.**

12. Atwater followed and delivered all that Defendant Weaver asked for to facilitate the foreclosure sale at the Sheriff's auction.

    **RESPONSE: Neither admitted nor denied as Defendants do not have the requisite knowledge to assess the veracity of Plaintiff's statement. Defendants leave Plaintiff to his proofs. In further answer, Defendant Weaver does not determine procedure for that which is covered by state law.**

13. MCL 600.3201, et. al., specifies the procedure by which "**Every** mortgage of real estate…may be foreclosed by advertisement…" (emphasis added).

    **RESPONSE: Neither admitted nor denied as the statute speaks for itself.**

14. Atwater paid around one thousand dollars of the two thousand one hundred ($2,100.00) dollars I owe to the Kalamazoo Gazette to advertise the foreclosure on both properties for four consecutive weeks beginning August 15th through September 5, 2024.

    **RESPONSE: Neither admitted nor denied as Defendants do not have the requisite knowledge to assess the veracity of Plaintiff's statement. Defendants leave Plaintiff to his proofs.**

15. Atwater advertised that the sale would take place on September 5th, 2024, but then adjourned the sale for two weeks, after Defendant Weaver demanded an affidavit of publisher from the news paper [sic].

    **RESPONSE: Neither admitted nor denied as Defendants do not have the requisite knowledge to assess the veracity of Plaintiff's statement, and further, deny wrongdoing. Defendants leave Plaintiff to his proofs.**

16. Atwater then produced the affidavit of publisher from the news paper [sic] attesting

to the dates the foreclosure notices were published.

**RESPONSE: Neither admitted nor denied as Defendants do not have the requisite knowledge to assess the veracity of Plaintiff's statement. Defendants leave Plaintiff to his proofs.**

17. Defendant Weaver then told Atwater he does not think anyone besides a bank can foreclose on a mortgage and that I have to be represented by an attorney on or about September 17th.

**RESPONSE: Neither admitted nor denied as Defendants do not have the requisite knowledge to assess the veracity of Plaintiff's statement and further, deny wrongdoing. Defendants leave Plaintiff to his proofs.**

18. Defendant Weaver through his agent told Atwater that they "cannot take the word of a citizen", even though I provided all the required documents.

**RESPONSE: Neither admitted nor denied as Defendants do not have the requisite knowledge to assess the veracity of Plaintiff's statement and further, deny wrongdoing. Defendants leave Plaintiff to his proofs.**

19. Defendant Weaver went on to question other matters related to it, expressing doubt that the debt owed and secured by these two mortgages was One Hundred Six Thousand Eight Hundred Sixty Seven Dollars and Ninety Seven cents ($106,867.97), so I even went so far as to share the judgment against me from the bond which shows where the vast majority of the debt comes from, beyond what is the Sheriff's business to meddle in in [sic] this transaction.

**RESPONSE: Neither admitted nor denied as Defendants do not have the requisite knowledge to assess the veracity of Plaintiff's statement and**

**further, deny wrongdoing. Defendants leave Plaintiff to his proofs.**

20. Defendant Weaver then went on to say that they don't do sheriffs sales for mortgages related to bail bonds.

**RESPONSE: Neither admitted nor denied as Defendants do not have the requisite knowledge to assess the veracity of Plaintiff's statement. Defendants leave Plaintiff to his proofs.**

21. After Defendant Weaver Adjourned the sale of it for several weeks beginning from September 5th, 2024, he then said they had sent the matter to Undersheriff Michelle Greenlee for review, who I left several messages to find out what is going on with the matter and never received a return phone call.

**RESPONSE: Neither admitted nor denied as Defendants do not have the requisite knowledge to assess the veracity of Plaintiff's statement. Defendants leave Plaintiff to his proofs.**

22. Four weeks after I'd initially sent the requested documents of Sheriffs Deed, affidavit of publication, affidavit of posting, affidavit of non-military, etc., on October 9th, 2024, Defendant Weaver informed me that they met with Kalamazoo County's attorney, Lewis Smith, and that their position is that they are not required to sell the two houses in the sheriffs auction.

**RESPONSE: Neither admitted nor denied as Defendants do not have the requisite knowledge to assess the veracity of Plaintiff's statement. Defendants leave Plaintiff to his proofs.  In further answer, Plaintiff did not follow state law to provide the authority for Plaintiff to demand foreclosure.**

23. The mortgage was assigned to Atwater Bail Bonds by United States Fire

Insurance Company as recorded with the Kalamazoo Register of Deeds on September 17th, 2024.

**RESPONSE: Neither admitted nor denied as Defendants do not have the requisite knowledge to assess the veracity of Plaintiff's allegation. In further answer, Plaintiff's attachments do not indicate compliance with state law. The document fails to identify a list of the assignor's creditors and a bond for the faithful performance of the trust by the assignee. The document fails to indicate a required inventory. The attached documents do not indicate United States Fire Insurance Company signed the document in front of an officer authorized to take acknowledgments. And the attachment does not indicate the assignee is worth more than the penal sum of the bond. Moreover, the Kalamazoo County Register of Deeds indicate the parties to the assignment of the mortgage for 614 Reed Avenue are the debtor and Atwater Bail Bonds. The Kalamazoo County Register of Deeds does not indicate an assignment of the mortgage for the property located at 1034 Hotop Street.**

24. I notified Defendant Weaver on September 17th, 2024, that I would be adjourning the sale for one further week from September 19th, 2024, to September 26th, 2024, so that I could properly advertise the sale date and time in the local paper.

**RESPONSE: Neither admitted nor denied as Defendants do not have the requisite knowledge to assess the veracity of Plaintiff's statement. Defendants leave Plaintiff to his proofs. In further answer, it appears Plaintiff admits the initial notice, stated in Paragraph 14, was improper.**

25. Defendant Weaver adjourned the sale on September 12th, requesting further documents, and once those were delivered and I re-published the sale for September 26th, 2024, Defendant Weaver again adjourned it through October 3rd, 2024, saying he sent it to Kalamazoo County Undersheriff, Defendant Greenlee, for review.

**RESPONSE: Neither admitted nor denied as Defendants do not have the requisite knowledge to assess the veracity of Plaintiff's statement. Defendants leave Plaintiff to his proofs.**

26. I left several messages for Defendant Greenlee at the Sheriff's office to call me about the matter during that time asking for an explanation, but never received a return phone call.

**RESPONSE: Neither admitted nor denied as Defendants do not have the requisite knowledge to assess the veracity of Plaintiff's statement. Defendants leave Plaintiff to his proofs.**

27. Defendant Weaver notified me via phone call on or about October 9th that the county attorney, the Undersheriff, Defendant Greenlee, and he were refusing to sell the house at sheriffs auction because they did not think they had to sell a mortgage foreclosed on by advertisement if the mortgage was held as collateral for a bail bond rather than a debt to a bank and that I could not foreclose on a mortgage without being represented by an attorney, without acquiring a judicial foreclosure, and that they thought I could get a judicial foreclosure ordered through the criminal case the bond was posted in.

**RESPONSE: Neither admitted nor denied as Defendants do not have the**

**requisite knowledge to assess the veracity of Plaintiff's statement. Defendants leave Plaintiff to his proofs.**

28. I left a message with the Kalamazoo County Administrator's office on October 10th, 2024, for Lewis Smith to call me back to inform me if this is indeed the county's position, but have not received a return call or any further explanation, other than Defendant Weaver's explanation for the Sheriff's refusal to sell the two houses I have foreclosed by advertisement on.

**RESPONSE: Neither admitted nor denied as Defendants do not have the requisite knowledge to assess the veracity of Plaintiff's statement. Defendants leave Plaintiff to his proofs.**

29. Throughout these contacts with Defendant Weaver of the Kalamazoo County Sheriff's Department, he and his staff constantly referred me to 'Detroit Legal', who solicited me to purchase their services to effectuate the sale.

**RESPONSE: Neither admitted nor denied as Defendants do not have the requisite knowledge to assess the veracity of Plaintiff's statement. Defendants leave Plaintiff to his proofs.**

30. This matter has caused serious harms to my contract with my insurance company, which is a required third party contract for my entire business.

**RESPONSE: Neither admitted nor denied as Defendants do not have the requisite knowledge to assess the veracity of Plaintiff's statement. Defendants leave Plaintiff to his proofs. In further answer, these alleged harms are a result of Plaintiff's failure to adhere to state law.**

31. Defendants also told me that these houses never sell at auction, let alone at the

minimum bid I sent for the houses, which was the entirety of what was owed at that time - $106,867.97.

**RESPONSE: Neither admitted nor denied as Defendants do not have the requisite knowledge to assess the veracity of Plaintiff's statement. Defendants leave Plaintiff to his proofs.**

32. The fact that Defendant Weaver stated that they consulted this foreclosure with Defendant Kalamazoo County's attorney, Lewis Smith, and Kalamaoo [sic] County Undersheriff, Defendant Greenlee, shows a deliberation took place and this is a *policy* of all Defendants.

**RESPONSE: Admitted only that Defendant Weaver consulted Mr. Smith and Defendant Greenlee. Defendants did not arbitrarily deny Plaintiff's requests and discussed the matter internally. Deny such deliberation is indicative of any policy.**

33. Since making my initial complaint in this case, the 9th Circuit Court has removed me from their approved bail bonds list, costing me thousands of dollars in business since on or about January 17th, 2025

**RESPONSE: Neither admitted nor denied as Defendants do not have the requisite knowledge to assess the veracity of Plaintiff's statement. Defendants leave Plaintiff to his proofs.**

34. On February 21st, 2025, I filed a complaint in the 9th Circuit Court for Judicial foreclosure of the above two houses.

**RESPONSE: Neither admitted nor denied as Defendants do not have the requisite knowledge to assess the veracity of Plaintiff's statement.**

**Defendants leave Plaintiff to his proofs. In further answer, the filing of the foreclosure complaint supports Defendant's argument that Plaintiff did not review the relevant law.  Accordingly, this claim is frivolous and deserving of sanctions.**

35. [sic].

### Count 1 - 1983 Deprivation of Rights under color of law

36. The First Amendment of the US Constitution gives any person the right to petition the government for a redress of their grievances, which is where the right to conduct business unrepresented by an attorney comes from.

    **RESPONSE: Neither admitted nor denied as the First Amendment and relevant case law speak for themselves.**

37. It was a violation of my 1st Amendment right to petition the government for a redress of grievances in the matter of foreclose [sic] by advertisement without being represented by an attorney.

    **RESPONSE: Neither admitted nor denied as this allegation contains a conclusion of law; therefore, no response is required. To the extent an answer is required, Defendants deny wrongdoing.**

38. The 14th Amendment of the US Constitution guarantees due process, which refusing to sell the house in the sheriff's weekly auction pursuant to MCL 600.3216 et. al., uses a non-permissive word that the sheriff "shall sell it once any mortgage holder follows the steps to foreclose by advertisement.

    **RESPONSE: Neither admitted nor denied as this allegation contains a conclusion of law; therefore, no response is required. In further answer,**

**Defendants deny wrongdoing.  Moreover, Plaintiff failed to follow state law, and granting Plaintiff's requests would violate the due process rights of the debtors associated with the real estate at issue.**

39. It amounts to a taking under the 5th Amendment of my property right as a mortgage holder to foreclose by advertisement.

    **RESPONSE: Denied as untrue.**

40. It violates my right to freedom to contract under the US 14th Amendment and Michigan constitution Art. 1 § 10 by imparring [sic] the obligation of my contracts as a mortgagee.

    **RESPONSE: Neither admitted nor denied as this allegation contains a conclusion of law; therefore, no response is required. In further answer, Defendants deny wrongdoing.**

41. Defendant Weaver said that unless you are a corporate bank, rather than an individual citizen that holds a recorded mortgage, you cannot foreclose by advertisement.

    **RESPONSE: Neither admitted nor denied as Defendants do not have the requisite knowledge to assess the veracity of Plaintiff's allegation. Defendants leave Plaintiff to his proofs.**

42. Defendants are state actors and acting under color of state law.

    **RESPONSE: Defendants admit they are county employees acting with authority granted under state law.**

43. Defendants have impaired the obligations of debtors to my contracts by refusing to sell the houses I own the mortgage for and have duly foreclosed on by

advertisement.

**RESPONSE: Denied as untrue. Defendants deny wrongdoing. Further, Plaintiff did not properly follow foreclosure procedures, as alleged. Moreover, foreclosure of the real estate is not an obligation of the debtor, but a remedy available to the creditors.**

### Count 2 - Violation of Mich. Comp. Laws. 600.3201 et. al. - Michigan's Foreclosure by Advertisement Statute

44. Plaintiff followed all requisite procedures under MCL 600.3201 et. al., to trigger the right to foreclosure sale.

**RESPONSE: Denied as untrue.**

45. Once Plaintiff submitted the required documents to Defendant Weaver, the Defendants refused to sell the property in their weekly public auction.

**RESPONSE: Neither admitted nor denied as Defendants do not have the requisite knowledge to assess the veracity of Plaintiff's statement. Defendants leave Plaintiff to his proofs.**

46. MCL 600.3216 states that the sale "...*shall* be made... by the sheriff, undersheriff, or a deputy sheriff of the county, to the highest bidder." (emphasis added)

**RESPONSE: Neither admitted nor denied as the statute speaks for itself.**

47. Defendant Weaver claimed in a phone call with me on October 9th, 2024, that he and Defendant Greenlee had the Kalamazoo County attorney, Lewis Smith, review the matter, and that he told them that they don't have to sell the house in the sheriff auction because they don't believe a mortgage held for a bail bond is one they are required to sell in a sheriff auction even though it was foreclosed on by advertisement by Plaintiff, rather than one held by a bank, that I have to be

represented by an attorney to foreclose on a house I individually through my DBA own the mortgage to, and their continued notion that they're really just protecting me from myself because I'm just a citizen, and even my recorded mortgages, recorded assignments of mortgage to me, notarized affidavit of publication from MLive with my 4 weeks of advertisements, and my affidavit of posting notice, bid sheet, and sheriff deed - which was everything Defendants had asked for initially to put the house in auction - were not sufficient to compel the Defendants to follow the mandatory wording of "shall" (MCL 600.3216) sell the house.

**RESPONSE: Neither admitted nor denied as Defendants do not have the requisite knowledge to assess the veracity of Plaintiff's statement. Defendants leave Plaintiff to his proofs.**

**Request for Damages**

48. A judgment after bond forfeiture was entered against me in the bond that these mortgages were granted to secure, in an amount that is now one hundred twenty thousand dollars. (Exhibit 1)

**RESPONSE: Neither admitted nor denied as Defendants do not have the requisite knowledge to assess the veracity of Plaintiff's statement. Defendants leave Plaintiff to his proofs.**

49. The amount I am presently owed from the two mortgages Defendants unlawfully refused to sell in the sheriff's auction in addition to the one hundred twenty thousand owed on the bond forfeiture, is seven thousand six hundred sixty seven dollars and ninety seven cents ($7,667.97).

**RESPONSE: Deny that Defendants engaged in wrongdoing. As for the remainder of Plaintiff's allegation, Defendants neither admit nor deny the same as Defendants do not have the requisite knowledge to assess the veracity of Plaintiff's statement. Defendants leave Plaintiff to his proofs.**

50. To be sold at public auction, I think these houses have to be re-advertised for four consecutive weeks, pursuant to MCL 600.3201 et. al., since the last advertised sale dates were not acted upon and it was impossible for me to continue to pay another hundred dollars a week to keep advertising an adjournment indefinitely, which is going to cost another thousand dollars to advertise them for another four weeks, and it is going to delay the sale at least another four weeks.

**RESPONSE: Neither admitted nor denied as Defendants do not have the requisite knowledge to assess the veracity of Plaintiff's belief. In further answer, Mich. Comp. Laws §600.3201 *et. seq.* speaks for itself. As to the remainder of Plaintiff's allegations, neither admitted nor denied as Defendants do not have the requisite knowledge to assess the veracity of Plaintiff's allegations.  Defendants leave Plaintiff to his proofs. In further answer, Plaintiff's pleading suggests he must first file a complaint for foreclosure. Mich. Comp. Laws §600.3101 *et. seq.***

51. But for Defendants violations, the two houses would have either sold at sheriff auction in September - which they should have been allowed to be auctioned in - or if they did not sell in auction, ownership would have reverted to the mortgage holder, myself, who could then have negotiated a sale.

**RESPONSE: Denied as untrue.**

52.  Instead, I got treated like a second-class citizen to corporations under color of law by these Defendants when they said only banks can foreclose by advertisement and only with an attorney representing them, instead of the $6,867.97 which was owed from my bond contracts in unpaid premium that was added in to the properly foreclosed by advertisement sale.

**RESPONSE: Neither admitted nor denied as Defendants do not have the requisite knowledge to assess the veracity of Plaintiff's statement, and further, deny wrongdoing. Defendants leave Plaintiff to his proofs.**

53. Instead of me having the $6,867.97 which I would have received by now had these Defendants just done their job of hosting the sale of them in their *public* auction, instead I have the Kalamazoo Circuit Court breathing down my neck that they want $120,000.00 and threatening both my bail bonds agency and my insurance company, my insurance company breathing down my neck to resolve this matter, and meanwhile my bank account sits at negative $103.91, and meanwhile, I don't even have Christmas presents for my kids yet or propane to heat my home.

**RESPONSE: Neither admitted nor denied as Defendants do not have the requisite knowledge to assess the veracity of Plaintiff's allegations. Defendants deny wrongdoing. Defendants leave Plaintiff to his proofs. Further, Plaintiff's failure to follow state law led to the issues in which Plaintiff complains.**

54. It is a very stressful situation for me that Defendants have unlawfully put me in: and I am experiencing emotional distress from it.

**RESPONSE: Defendants deny wrongdoing. As to the remainder of Plaintiff's allegation, Defendants neither admit nor deny as Defendants do not have the requisite knowledge to assess the veracity of Plaintiff's statement. Defendants leave Plaintiff to his proofs. In further answer, Plaintiff is a mess of his own making.**

55. It is very offensive to me that these actors think only banks and lawyers can transact business and it is detrimental to the public interest that private individuals - whether doing business as a bail bondsman or just privately financing a home - cannot depend on their rights in their contracts and their property not being impaired in this manner: and the court should assess punitive damages to deter state actors thinking that only corporations and lawyers can petition the government for a redress of their grievances or have their right to contracts upheld.

**RESPONSE: Neither admitted nor denied as Defendants do not have the requisite knowledge to assess the veracity of Plaintiff's statement and further, deny wrong doing. Defendants leave Plaintiff to his proofs. Additionally, Defendants deny punitive damages are appropriate.**

56. The denial of my right to exercise my right to foreclosure on these mortgages is an important matter of public policy that affects every individual's right to US Constitutional right to contract, right to petition the government for a redress of their grievances-and without having to hire legal representation, right to compensation for taking of my rights to real estate violating 5th Amendment, and the rights to every mortgage recorded under Michigan Compiled Law MCL

600.2301et al. being refused could affect all those rights and even interstate commerce, as the mortgage was initially recorded with United States Fire Insurance Company and my ability to carry on business with an out of state insurer.

**RESPONSE: Denied as untrue.**

57. Defendants actions could also be construed as violative of excessive fines and unreasonable bail practices in violation of the 8th amendment and 14th amendment due process and equal protection protections as well as Michigan Constitutional violations under Art.1Sec.3, right to petition government, Article I §10 law imparing [sic] contract, and Article I §13 right to prosecute or defend his suit without an attorney.

**RESPONSE: Denied as untrue.**

58. Therefore, I request Declaratory Relief that the Defendants action in refusing to sell my foreclosed on mortgages on the basis of them being held as collateral for bail bonds and that I am not individually represented by an attorney are for the aforementioned reasons, violations of the constitutional and statutory protections mentioned in paragraphs 56 and 57.

**RESPONSE: Neither admitted nor denied as this Paragraph requires no response or is otherwise a conclusion of law. To the extent an answer is required, Defendants deny wrongdoing and request Plaintiff's relief be denied.**

59. Monetary damages for the 1983 violations to cover the aforementioned  monetary expenditures and judgments, as well as pain and suffering, continued wage loss,

and damages to my business from this [sic] Defendants [sic] violations of my rights under color of law in an amount determinable at trial.

**RESPONSE: Neither admitted nor denied as this Paragraph requires no response or is otherwise a conclusion of law. To the extent an answer is required, Defendants deny wrongdoing and request Plaintiff's relief be denied.**

**WHEREFORE,** for the reasons stated herein and for those that may arise during litigation on the matter, Defendants request this Court dismiss the present action with prejudice; sanction Plaintiff for his egregious violations of Fed. R. Civ. P. 11(b), including payment of Defendants' attorneys' fees for having to respond to this frivolous pleading; and order any additional relief this Court deems equitable and just.

Respectfully submitted,

CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.

Date: March 11, 2025

/s/ Corey J. Volmering
Allan C. Vander Laan (P33893)
Kristen L. Rewa (P73043)
Corey J. Volmering (P85380)
Attorneys for Defendants

## DEFENDANTS' AFFIRMATIVE DEFENSES

**NOW COME** Defendants, by and through their attorneys, Cummings, McClorey, Davis & Acho, P.L.C., to submit the following Affirmative Defenses:

1. Each Defendant in this matter did not receive proper service.

2. Plaintiff failed to plead a case falling within this Court's subject matter jurisdiction.

3. Plaintiff failed to state a claim for which relief may be granted.

4. Plaintiff failed to state a claim sufficient to impose liability on Kalamazoo County pursuant to *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978), *Canton v. Harris,* 489 U.S. 378 (1989), and their progeny.

5. Plaintiff has failed to state a claim under state law to justify the exercise of supplemental or pendant jurisdiction under 28 U.S.C. § 1367.

6. The individual Defendants are entitled to qualified immunity under 42 U.S.C. § 1983 because reasonable officers would agree Defendants' conduct did not violate clearly established law.

7. Plaintiff may not have a property interest in either property and therefore, lacks standing to bring this suit.

8. Plaintiff does not have a First Amendment right to force County compliance to foreclose on property in violation of State law.

9. The individual Defendants were acting in good faith within the scope of their employment and legal authority.

10. Some or all of the claims or issues asserted are barred by preclusion doctrines.

11. Plaintiff's alleged damages were incurred as a result of his own behavior.

12. Plaintiff's claims may be barred or reduced by release, payment, prior judgment,

and/or discharge.

13. Plaintiff's claims may be barred by the doctrines of release, waiver, and/or consent.

14. The property owners may own their respective properties by tenants in the entirety, as such, the real estate may not be foreclosed.

15. Defendants object to the non-joinder of any and all parties with a recorded interest in the real estate at issue.

16. Defendants reserve the right to amend these Affirmative Defenses throughout the course of discovery, and up to the scheduled trial date as needed.

Respectfully submitted,

CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.

Date: March 11, 2025                    Corey J. Volmering
                                                          Allan C. Vander Laan (P33893)
                                                          Kristen L. Rewa (P73043)
                                                          Corey J. Volmering (P85380)
                                                          Attorneys for Defendants

## **RELIANCE UPON JURY DEMAND**

Defendants hereby relies upon the Demand for Trial by Jury filed by Plaintiff in the above entitled cause of action.

Respectfully submitted,

CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.

Date: March 11, 2025                    Corey J. Volmering
                                                          Allan C. Vander Laan (P33893)
                                                          Kristen L. Rewa (P73043)
                                                          Corey J. Volmering (P85380)
                                                          Attorneys for Defendants

## **<u>PROOF OF SERVICE</u>**

The undersigned certifies that on March 11, 2025, she did serve copies of **Defendants' Answer to Plaintiff's [First] Verified Amended Complaint and Affirmative Defenses** to the Plaintiff via U.S. Mail and email.  I declare that the statements contained above are true to the best of my information, knowledge, and belief.

Dated:  March 11, 2025                         /s/ Hillary Tierney
                                                        Hillary Tierney