UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

FILED - GR
April 14, 2025 1:06 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JMW SCANNED BY: KB /4/14

NEVIN P. COOPER-KEEL, JD
    Plaintiff Pro Se

Case No. 1:2024-cv-01318

V.

Hon. Paul M. Maloney
Mag. Judge Maarten Vermaat

ROBERT WEAVER and MICHELE GREENLEE,
    Sued in their individual capacities, and
KALAMAZOO COUNTY, a County in Michigan,
    Defendants.

## SECOND AMENDED VERIFIED COMPLAINT WITH JURY TRIAL DEMAND

Plaintiff Nevin P. Cooper-Keel, JD
5985 Verta Dr.
Belmont, MI 49306
616.329.7077
Nevincooperkeel@gmail.com

Allan C. Vander Laan (P33893)
Kristen L. Rewa (P73043)
Corey J. Volmering (P85380)
Cummings, McClorey, Davis & Acho
Attorneys for Defendants
2851 Charlevoix Dr., S.E. - Suite 203
Grand Rapids MI 49546
(616) 975-7470
avanderlaan@cmda-law.com
krewa@cmda-law.com
cvolmering@cmda-law.com

---

Plaintiff, Nevin Cooper-Keel, DBA "Atwater Bail Bonds", states:

1. I, Nevin Cooper-Keel, own a sole proprietorship bail bonds agency registered as such with both the state and county called Atwater Bail Bonds.

2. Defendant Robert Weaver is a special deputy appointed by the Kalamazoo County Sheriff to handle the sheriff's auction of foreclosed real estate.

3. Defendant Michele Greenlee is the Undersheriff at Kalamazoo County Sheriff.

4. Defendant Kalamaoo County is a County in the state of Michigan.

5. Atwater Bail Bonds posted a one hundred thousand dollar bond in the Kalamazoo County Circuit Court case no 2023-1125-FH.

6. Atwater Bail Bonds took mortgages on two houses as collateral for the bond, originally in Atwater's insurance company's name – United States Fire Insurance Company (USFINS), who Atwater is the registered agent of, and later the mortgages were assigned directly to Atwater Bail Bonds on the two houses as collateral for that bond, both mortgages being recorded with the Kalamazoo County Register of Deeds on or about October 26th, 2023.

7. The common address of those houses is:
    a. 614 Reed St., Kalamaozo, MI, and
    b. 1034 Hotop St., Kalamazzoo, MI.

8. That bond is in default from the Defendant's failure to appear and upon failure to pay the hundred thousand dollars when Atwater Bail Bonds demanded it from the Indemnitors who gave those mortgages as collateral for the bond. (Exhibit 1)

9. One of the houses is owned by the fugitive from the said $100k bond and is a four unit rental.

10. Atwater spoke to Defendant Weaver on or about July 30th, 2024, to inquire about what documentation his office would want for the homes to go in the foreclosure auction.

11. Atwater followed and delivered all that Defendant Weaver asked for to facilitate the foreclosure sale at the Sheriff's auction.

12. MCL 600.3201, et. al., specifies the procedure by which "**Every** mortgage of real estate…may be foreclosed by advertisement…" (emphasis added).

13. Atwater paid around one thousand of the two thousand one hundred ($2,100.00) dollars I owe to the Kalamazoo Gazette to advertise the foreclosure on both properties for four consecutive weeks beginning August 15th through September 5th, 2024.

14. Atwater advertised that the sale would take place on September 5th, 2024, but then adjourned the sale for two weeks, after Defendant Weaver demanded an affidavit of publisher from the news paper.

15. Atwater then produced the affidavit of publisher, on or about September 16, 2024, to Defendant Weaver, from the news paper attesting to the dates the foreclosure notices were published.

16. Defendant Weaver then told Atwater he does not think anyone besides a bank can foreclose on a mortgage and that I have to be represented by an attorney on or about September 17th.

17. Defendant Weaver told Atwater that they "cannot take the word of a citizen", even though I provided all the required documents.

18. Defendant Weaver went on to question other matters related to it, expressing doubt that the debt owed and secured by these two mortgages was One Hundred Six Thousand Eight Hundred Sixty Seven Dollars and Ninety Seven cents ($106,867.97), so I even went so far as to share the judgment against me from the bond which shows where the vast majority of the debt comes from, beyond what is the Sheriff's business to meddle in in this transaction.

19. Defendant Weaver then went on to say that they don't do sheriffs sales for mortgages related to bail bonds.

20. Defendant Weaver then continued the adjournment of the sale of it for several more weeks beginning from September 19th, 2024, and said he had sent the matter to Undersheriff Michelle Greenlee for review, who I left several messages to find out what is going on with the matter and never received a return phone call.

21. The mortgage was assigned to Atwater Bail Bonds by USFINS and was recorded with the Kalamazoo Register of Deeds on September 17th, 2024.

22. Defendant Weaver adjourned the sale on September 12th, requesting further documents, and once those were delivered and I re-published the sale for September 26th, 2024, Defendant Weaver again adjourned it through October 3rd, 2024, saying he sent it to Kalamazoo County Undersheriff, Defendant Greenlee, for review.

23. Four weeks after I'd initially sent the requested documents of Sheriff's Deed, affidavit of publication, affidavit of posting, affidavit of non-military, etc., on October 9th, 2024, Defendant Weaver told me that they met with Kalamazoo County's attorney, Lewis Smith, and that their position is that they are not required to sell the two houses in the sheriff's public auction.

24. I left several messages for Defendant Greenlee at the Sheriff's office to call me about the matter during that time asking for an explanation, but never received a return phone call.

25. On the October 9th, 2024, phone call with Defendant Weaver, he told me that the county attorney and Defendant Greenlee, and he were refusing to sell the house at sheriff's auction because they did not think they had to sell a mortgage foreclosed on by advertisement if the mortgage was held as collateral for a bail

bond rather than a debt to a bank and that I could not foreclose on a mortgage without being represented by an attorney, without acquiring a judicial foreclosure, and that they thought I could get a judicial foreclosure ordered through the criminal case the bond was posted in.

26. I left a message with the Kalamazoo County Administrator's office on October 10th, 2024, for Lewis Smith to call me back to inform me if this is indeed the county's position, but have not received a return call or any further explanation, other than Defendant Weaver's explanation for the Sheriff's refusal to sell the two houses I have foreclosed by advertisement on.

27. Throughout these contacts with Defendant Weaver of the Kalamazoo County Sheriff's Department, he and his staff constantly referred me to 'Detroit Legal', who solicited me to purchase their services to effectuate the sale.

28. This matter has caused serious harms to my contract with my insurance company, which is a required third party contract for my entire business.

29. The fact that Defendant Weaver stated that they consulted this foreclosure with Defendant Kalamazoo County's attorney, Lewis Smith, and Kalamaoo County Undersheriff, Defendant Greenlee, shows a deliberation took place and this is a *policy* of all Defendants.

30. Since making my initial complaint in this case, the 9th Circuit Court has removed me from their approved bail bonds list, costing me thousands of dollars in business since on or about January 17th, 2025.

31. On February 21st, 2025, I filed a complaint in the 9th Circuit Court for judicial foreclosure of the above two houses.

32. On February 27th, 2025, my insurance company, USFINS (a subsidiary of Bail USA and Crum and Forster), notified me that they are suspending my ability to write new bonds. (Exhibit 2)
33. Almost all of my income was derived from posting new bonds.
34. I've been under contract with USFINS since 2019.

**Count 1 – 1983 Deprivation of Rights under color of law**

35. The First Amendment of the US Constitution gives any person the right to petition the government for a redress of their grievances, which is where the right to conduct business unrepresented by an attorney comes from.
36. It was a violation of my 1st Amendment right to petition the government for a redress of grievances in the matter of foreclose by advertisement without being represented by an attorney.
37. The 14th Amendment of the US Constitution guarantees due process, which refusing to sell the house in the sheriff's weekly auction pursuant to MCL 600.3216 et. al., uses a non-permissive word that the sheriff "shall" sell it once any mortgage holder follows the steps to foreclose by advertisement.
38. It amounts to a taking under the 5th Amendment of my property right as a mortgage holder to foreclose by advertisement.
39. It violates my right to freedom to contract under the US 14th Amendment and Michigan Constitution Art 1. § 10 by imparring the obligation of my contracts as a mortgagee.
40. Defendant Weaver said that unless you are a corporate bank, rather than an individual citizen that holds a recorded mortgage, you cannot foreclose by advertisement.

41. Defendants are state actors and acting under color of state law.

42. Defendants have impaired the obligations of debtors to my contracts by refusing to sell the houses I own the mortgage for and have duly foreclosed on by advertisement.

**Count 2 – Violation of MCL 600.3201 et. al. – Michigan's Foreclosure by Advertisement Statute**

43. Plaintiff followed all requisite procedures under MCL 600.3201 et. al., to trigger the right to foreclosure sale.

44. Once Plaintiff submitted the required documents to Defendant Weaver, the Defendants refused to sell the property in their weekly public auction.

45. MCL 600.3216 states that the sale "...*shall* be made... by the sheriff, undersheriff, or a deputy sheriff of the county, to the highest bidder." (emphasis added)

46. Defendant Weaver claimed in a phone call with me on October 9th, 2024, that he and Defendant Greenlee had the Kalamazoo County attorney, Lewis Smith, review the matter, and that he told them that they don't have to sell the house in the sheriff auction because they don't believe a mortgage held for a bail bond is one they are required to sell in a sheriff auction even though it was foreclosed on by advertisement by Plaintiff, rather than one held by a bank, that I have to be represented by an attorney to foreclose on a house I individually through my DBA own the mortgage to, and their continued notion that they're really just protecting me from myself because I'm just a citizen, and even my recorded mortgages, recorded assignments of mortgage to me, notarized affidavit of publication from MLive with my 4 weeks of advertisements, and my affidavit of posting notice, bid sheet, and sheriff deed – which was everything Defendants

had asked for initially to put the house in auction – were not sufficient to compel the Defendants to follow the mandatory wording of "shall" (MCL 600.3216) sell the house.

**Count III – Tortious Interference with a contract (three separate contracts, described herein, limited to one count for three different contracts, each one equally and severally liable)**

47. Plaintiff had a contract with USFINS (insurance company), Dianne Anderson (Indemnitor), and Tyrone Hollin (indemnitor) at the time of the claimed interference.
48. Defendants knew of, should have known of, or had constructive knowledge of my contract with USFINS, from, inter alia, production of my recorded mortgages for these two houses in question which were initially recorded in USFINS name, naming me as their agent.
49. Defendants knew of, should have known of, or had constructive knowledge of my contracts with my two indemnitors from the bond, both by reference in the recorded mortgages and assignment of the mortgage to Atwater Bail Bonds.
50. Defendants refusing to sell the two foreclosed upon houses in the public sheriff's auction for reasons of the mortgages being held as collateral for bail bonds and for Plaintiff not being represented by an attorney intentionally interfered with my contracts with USFINS, Dianne Anderson, and Tyrone Hollin.
51. Defendants's conduct caused a breach of my contracts and/or a disruption in their performance.
52. I have suffered economic loss as a result of Defendants's tortious interference with my contracts.

## Request for Damages

53. A judgment after bond forfeiture was entered against me in the bond that these mortgages were granted to secure, in an amount that is now one hundred twenty thousand dollars. (Exhibit 1)

54. The amount I am presently owed from the two mortgages Defendants unlawfully refused to sell in the sheriff's auction in addition to the one hundred twenty thousand owed on the bond forfeiture, is seven thousand six hundred sixty seven dollars and ninety seven cents ($7,667.97).

55. To be sold at public auction, I think these houses have to be re-advertised for four consecutive weeks, pursuant to MCL 600.3201 et. al., since the last advertised sale dates were not acted upon and it was impossible for me to continue to pay another hundred dollars a week to keep advertising an adjournment indefinitely, which is going to cost another thousand dollars to advertise them for another four weeks, and it is going to delay the sale at least another four weeks.

56. But for Defendants violations, the two houses would have either sold at sheriff auction in September – which they should have been allowed to be auctioned in – or if they did not sell in auction, ownership would have reverted to the mortgage holder, myself, who could then have negotiated a sale.

57. Instead, I got treated like a second-class citizen to corporations under color of law by these Defendants when they said only banks can foreclose by advertisement and only with an attorney representing them, instead of the $6,867.97 which was owed from my bond contracts in unpaid premium that was added in to the properly foreclosed by advertisement sale.

58. Instead of me having the $6,867.97 which I would have received by now had these Defendants just done their job of hosting the sale of them in their *public* auction, instead I have the Kalamazoo Circuit Court breathing down my neck that they want $120,000.00 and threatening both my bail bonds agency and my insurance company, my insurance company breathing down my neck to resolve this matter, and meanwhile my bank account sits at negative $103.91, and meanwhile, I don't even have Christmas presents for my kids yet or propane to heat my home.

59. It is a very stressful situation for me that Defendants have unlawfully put me in: and I am experiencing emotional distress from it.

60. It is very offensive to me that these actors think only banks and lawyers can transact business and it is detrimental to the public interest that private individuals – whether doing business as a bail bondsman or just privately financing a home – cannot depend on their rights in their contracts and their property not being impaired in this manner: and the court should assess <u>punitive</u> damages to deter state actors thinking that only corporations and lawyers can petition the government for a redress of their grievances or have their right to contracts upheld.

61. The denial of my right to exercise my right to foreclosure on these mortgages is an important matter of public policy that affects every individual's right to US Constitutional right to contract, right to petition the government for a redress of their grievances – and without having to hire legal representation, right to compensation for taking of my rights to real estate violating 5th Amendment, and the rights to every mortgage recorded under Michigan Compiled Law MCL

600.2301 et al. being refused could affect all those rights and even interstate commerce, as the mortgage was initially recorded with USFINS and my ability to carry on business with an out of state insurer.

62. Defendants actions could also be construed as violative of excessive fines and unreasonable bail practices in violation of the 8th amendment and 14th amendment due process and equal protection protections as well as Michigan Constitutional violations under Art. 1 Sec. 3, right to petition government, Article I § 10 law imparing contract, and Article I § 13 right to prosecute or defend his suit without an attorney.

63. The tortious interference with my contracts in this matter have essentially put me out of business, reduced my income to zero from a business that regularly grossed six figures, and largely destroyed the business I've spent the last 9 years building.

**Request for Relief**

64. Therefore, I request **Declaratory Relief** that the Defendants action in refusing to sell my foreclosed on mortgages on the basis of them being held as collateral for bail bonds and that I am not individually represented by an attorney are for the aforementioned reasons, violations of the constitutional and statutory protections mentioned in paragraphs 56 and 57, as well as a violation of MCL 600.3201 et. al.

65. **Monetary damages**, both compensatory punitive, and anything else this court thinks appropriate, for the 1983 violations and tortious interference with my contracts to cover the aforementioned monetary expenditures and judgments, as well as pain and suffering, continued wage loss, and damages to my business

from this Defendants violations of my rights under color of law in an amount determinable at trial.

WHEREFORE, please issue declaratory relief and award the monetary damages in an amount to be proven at trial.

Respectfully Submitted,

_[signature]_

Nevin Cooper-Keel, Plaintiff pro se, 4.14.25