UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NEVIN P. COOPER-KEEL, JD,          )
        Plaintiff,          )
                  )          No. 1:24-cv-1318
v.          )
                  )          Honorable Paul L. Maloney
ROBERT WEAVER, ET AL.,          )
        Defendants.          )
_____)

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on Magistrate Judge Vermaat's Report and Recommendation (R&R), (ECF No. 26), in which he recommended that Defendants' motion to dismiss be granted, (ECF No. 20). Plaintiff objected to the R&R, (ECF No. 28), and Defendants responded to the objections, (ECF No. 29).

### I.

After being served with a report and recommendation issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). An "objection does not oblige the district court to ignore the report and recommendation." *Fharmacy Recs. v. Nassar*, 465 F. App'x 448, 456 (6th Cir. 2012). Our Local Rules require any party objecting to a report and recommendation to "specifically

identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections." W.D. Mich. LCivR 72.3(b); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (holding that "objections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error" are too general).

Motions to dismiss for failure to state a claim are governed by Federal Rule of Civil Procedure 12(b)(6). "To survive a motion to dismiss, a [pleading] must contain sufficient factual matter, accepted as true" to plausibly suggest that the party bringing the claim is entitled to the relief requested. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Facts "merely consistent with" a theory of liability suggest only possibility, not plausibility, and thus fail this test. *Id.* In assessing whether the pleading contains sufficient factual matter, courts need only accept factual allegations as true and not legal conclusions or unwarranted inferences. *Kottmayer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006).

## II.

Plaintiff alleges that Defendants violated several of his constitutional rights when they refused to conduct sheriff's foreclosure auctions on homes he held mortgages on in connection to his operation of a bail-bond agency. Specifically, he alleges violations of the First Amendment right to petition the government for redress of grievances, (ECF No. 16 at ¶ 36), the Due Process Clause of the Fourteenth Amendment, (*id.* at ¶ 37), and the Takings Clause of the Fifth Amendment, (*id.* at ¶ 38). In the R&R, Magistrate Judge Vermaat recommended dismissing all of these for failure to state a claim on which relief could be granted and declining to exercise supplemental jurisdiction over Plaintiff's state law claims.

With regard to the First Amendment claim, Plaintiff's objection confuses the right to petition the government with a right to have the government do what one asks. As explained in the R&R, the First Amendment protects the former and not the latter. *See Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Plaintiff admits he was able to *petition for* the foreclosure sales, the Defendants just said no. They did nothing to prevent him from asking again, asking someone else, criticizing their policies, or engaging in any other speech. Plaintiff says the *reason* Defendants said no is arbitrary, (ECF No. 28 at PageID.253), but that is not relevant to the First Amendment right to petition, even if it may be to a Fourteenth Amendment equal protection or due process inquiry. Plaintiff argues that Defendants denying his petition chills speech. (*Id.* at PageID.254). It does not. The mere fact that government actors do not do what members of the public ask them to does not mean those government actors are chilling speech. To hold otherwise would convert the right to petition into a right to force the government to do what one asks, because every unsuccessful request could theoretically cause someone to not feel like asking again.

With regard to the Takings Clause claim, Plaintiff fails in his complaint and his objections to identify anything that Defendants *took*. Plaintiff maintains his property interests in the mortgages on the properties. He remains free to do what he would like with them. Plaintiff asserts he has a property interest in the sheriff's sale process itself but presents no legal authority to support that proposition. He cites *Puckett v. Lexington-Fayette Urban County Government*, 833 F.3d 590, 609 (6th Cir. 2016), to argue that he can have a protected interest in "efficient legal remedies," (ECF No. 28 at PageID.257). But in *Puckett*, the court did not address a similar claim, and it held that the claimants before it *lacked* a property

3

interest in a particular cost of living adjustment. *See Puckett*, 833 F.3d at 610. He also cites the statute allowing foreclosure by advertisement, Mich. Comp. Laws § 600.3204, but fails to provide any authority indicating that mortgage holders have a constitutionally protected property right in local government actors participating in such a sale. To establish a constitutionally protected property interest, Plaintiff must show he has a "legitimate claim of entitlement" to something. *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972). Plaintiff cannot have a "protected property interest in [a] procedure itself." *Richardson v. Twp. of Brady*, 218 F.3d 508, 518 (6th Cir. 2000). Further, the Sixth Circuit and the Michigan Supreme Court have held that the foreclosure by advertisement process is not the exercise of a "right in reliance upon a constitutional or statutory provision" or the assertion of "any state-created right." *Northrip v. Fed. Nat. Mortg. Ass'n*, 527 F.2d 23, 28 (6th Cir. 1975); *Cramer v. Metro. Sav. & Loan Ass'n*, 258 N.W.2d 20, 23 (Mich. 1977) (adopting the Sixth Circuit's analysis). Plaintiff presents no contrary authority, so his Takings Clause claim fails.

Plaintiff also argues that Defendants engaged in a regulatory taking. This argument is unavailing. First, he does not allege that Defendants' policy rejecting sheriff foreclosures on mortgages related to bail bonds did not exist before he obtained the mortgages. The idea that owners may "establish a 'taking' simply by showing that they have been denied the ability to exploit a property interest that they heretofore *had believed was available* for development is quite simply untenable." *Penn Cent. Transp. Co. v. City of N.Y.*, 438 U.S. 104, 130 (1978) (emphasis added). Second, Plaintiff cites the *Penn Central* factors but ignores where the Court drew lines related to owners bringing claims related to diminished value of property. Specifically, the Court explained that the Takings Clause issues in those contexts "is resolved

by focusing on the uses the regulations permit." *Id.* at 131. Here, there is only one use that is not permitted—a sheriff foreclosure sale. Everything else remains available. Plaintiff argues that he might get less money exercising his other options, but the concession that he maintains other options through which he could recover a substantial sum is fatal to his regulatory taking claim. (*See* ECF No. 28 at PageID.255-56).

With regard to the procedural due process claim, it fails for reasons already explained—Plaintiff lacked a property interest in conducting the sale. Plaintiff had nothing *taken* from him. Without a property right, he cannot state a procedural due process claim. *See Richardson*, 218 F.3d at 516-17.

For the first time in his objections to the R&R, Plaintiff raises an equal protection argument. Since it was not raised beforehand, it is waived. *Morgan v. Trierweiler*, 67 F.4th 362, 367 (6th Cir. 2023). However, even if it were not, it would fail. The Fourteenth Amendment's Equal Protection Clause protects *persons* from being "intentionally treated differently from others similarly situated" when "there is no rational basis for the different in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam). Plaintiff did not allege that he was treated differently from any other person; indeed, his argument seems to be that he was subject to a policy that would apply to any person. Plaintiff's argument that Defendants' policy treats different kinds of property interests differently does not raise any inference of discrimination against persons. Further, the rational basis test requires only that the policy use "a rational means to serve a legitimate end," and it is Plaintiff's burden to demonstrate it does not do so. *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 442 (1985). Plaintiff's conclusory assertions are not sufficient to carry that burden.

Also for the first time in his objections, Plaintiff argues that Defendants' alleged policy violates the Dormant Commerce Clause. This argument is waived. *Morgan*, 67 F.4th at 367. Additionally, Plaintiff's complaint contains no allegations which could provide the factual predicate for his Dormant Commerce Clause arguments.

Finally, Plaintiff objects to the Magistrate Judge's recommendation that the Court dismiss his state law claims. The sole basis for Plaintiff's objection is that the state law claims are intertwined with his federal constitutional claims. With those claims no longer in the case, the state courts are better suited to decide the remaining claims under state law. Given the procedural posture of this case, there is no threat to judicial economy in declining to exercise jurisdiction over the state law claims, let alone one which would "outweigh our concern over needlessly deciding state law issues." *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006).

## III.

Plaintiff fails in his objections to identify any error in the R&R. The new arguments he presents are simply too late-breaking and lack foundation in Plaintiff's complaint. The R&R (ECF No. 26) is thus **ADOPTED**. Defendant's motion to dismiss (ECF No. 20) is **GRANTED**.

**IT IS SO ORDERED.**

Date:  December 22, 2025                                    /s/ Paul L. Maloney
                                                           Paul L. Maloney
                                                           United States District Judge